# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 23, 2024

**VIA ECF**

Hon. Mark Langer
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001

Re:    No. 24-7021, *Freeman, et al. v. Giuliani*

Dear Mr. Langer:

      This law firm represents Plaintiffs-Appellees Ruby Freeman and Wandrea' ArShaye ("Shaye") Moss in connection with the above-captioned appeal. I write to respectfully inform the Court that this appeal remains subject to an automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a), as detailed further below.

      This appeal arises from Plaintiffs-Appellees' civil action against Defendant-Appellant Rudolph W. Giuliani for defamation, intentional infliction of emotional distress, and civil conspiracy. On December 15, 2023, a jury awarded Plaintiffs-Appellees over $148 million in compensatory and punitive damages, and the District Court entered final judgment on December 18, 2023.

      On December 21, 2023, Defendant-Appellant filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of New York. *See In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (S.D.N.Y. Bankr.). The filing of that petition triggered the automatic bankruptcy stay under 11 U.S.C. § 362(a).

      On January 5, 2024, Defendant-Appellant moved in the Bankruptcy Court for an order modifying the automatic stay to permit him to file motions in the District Court pursuant to Federal Rules of Civil Procedure 50(b) and 59, and for leave to file a notice of appeal and prosecute such an appeal. *See* Debtor's Motion for an Order Modifying the Stay, *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (S.D.N.Y Bankr. Jan. 5, 2024), ECF No. 25. In that motion, Defendant-Appellant argued that the time to file those documents was extended for 60 days following the petition date by operation of 11 U.S.C. § 108(b)(2). *Id.* ¶ 8. Plaintiffs-Appellees opposed the motion but, after receiving

assurances regarding the role of estate assets in compensating Defendant-Appellant's appellate counsel, ultimately consented to a limited modification of the stay for the sole purpose of preserving Defendant-Appellant's rights to seek review of the judgment below.

Accordingly, on February 20, 2024, the Bankruptcy Court entered an Order Granting Limited Relief from the Automatic Stay to Preserve Certain Post-Trial Rights. *In re Rudolph W. Giuliani*, No. 23-12055 (SHL) (S.D.N.Y. Bankr. Feb. 20, 2024), ECF No. 124 (the "Order"). A copy of that Order is attached to this letter as Exhibit A. As set forth in the Order, the Bankruptcy Court "modified" the automatic stay

> solely as to [Defendant-Appellant and Plaintiffs-Appellees] and solely to the extent necessary to permit and authorize (a) [Defendant-Appellant] to (i) file and litigate in the District Court a post-trial motion (or motions) in the Freeman Litigation under Federal Rule of Civil Procedure 50 and/or Federal Rule of Civil Procedure 59 (each, a "Post-Trial Filing"), and (ii) file a notice of appeal from the Freeman Judgment entered on December 18, 2023 ("Notice of Appeal"); and (b) [Plaintiffs-Appellees] to litigate and otherwise oppose such Post-Trial Filings.

Order ¶ 2. The Order further provided:

> For the avoidance of doubt, the automatic stay is modified solely as set forth above and the Post-Trial Filings shall be adjudicated in the discretion of the District Court. Except with respect to the filing of a Notice of Appeal, any appeal of the Freeman Litigation shall remain subject to the automatic stay.

*Id.* ¶ 3. Accordingly, this appeal remains stayed pursuant to 11 U.S.C. § 362(a).

We will continue to keep the Court apprised of any developments in the Bankruptcy Court relevant to the progress of this appeal.

Respectfully submitted,

s/ Michael J. Gottlieb
Michael J. Gottlieb

*Counsel for Plaintiffs-Appellees Ruby Freeman and Wandrea' ArShaye Moss*
