IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

| | |
|---|---|
| Ruby Freeman, Wandrea' Moss, <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> Rudolph W. Giuliani, <br><br> *Defendant-Appellant*. | No. 24-7021 |

**APPELLANT'S STATEMENT
OF ISSUES TO BE RAISED**

I. Does the Amended Complaint state a claim upon which relief can be granted? Specifically:

A. Does the Amended Complaint adequately allege that Defendant published with "constitutional malice," also known as "actual malice?"

B. Does the Amended Complaint adequately allege liability on a civil-conspiracy theory?

C. In the alternative, can Plaintiffs recover for both defamation and intentional infliction of emotional distress ("IIED") where, as here, the same publications form the basis for both claims?

D. In the further alternative, with respect to IIED, does the Amended Complaint adequately allege "extreme and outrageous conduct" where,

1

as here, Defendant engaged in pure speech relating to a matter of legitimate public interest?

  II.  As to compensatory damages:

    A.  Does the Amended Complaint adequately allege proximate cause?

    B.  In the alternative, did the trial evidence provide a legally sufficient basis for a reasonable jury to find for Plaintiffs on proximate cause?

  III.  As to punitive damages, did Plaintiffs establish "common-law malice," as required for such an award? Specifically:

    A.  Does the Amended Complaint adequately allege common-law malice?

    B.  In the alternative, did the trial evidence provide a legally sufficient basis for a reasonable jury to find for Plaintiffs on common-law malice?

    C.  In the further alternative, did the district court correctly instruct the jury on common-law malice?

  IV.  Did the district court add to the evidence, in violation of Fed. R. Evid. 605?

  V.  Are the verdicts excessive? Specifically:

    A.  Is the verdict for compensatory damages excessive?

B. Is the verdict for punitive damages excessive as a matter of common law?

C. In the alternative, is the verdict for punitive damages "grossly excessive" as a matter of constitutional law under the Due Process Clause?

Dated:      August 13, 2024
               New York, NY                    Respectfully Submitted,

/s/ Kenneth A. Caruso                 /s/ David Labkowski
Kenneth A. Caruso                      David Labkowski
Kenneth Caruso Law LLC            Labkowski Law, P.A.
15 W. 72nd Street                       250 95th Street, Unit #547233
New York, NY 10022                Surfside, FL 33154
ken.caruso@kennethcarusolaw.com     david@labkowskilaw.com

*Counsel for Defendant-Appellant,*      *Counsel for Defendant-Appellant,*
*Rudolph W. Giuliani*                    *Rudolph W. Giuliani*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(c)(2), because this statement was prepared in double-spaced, 14-point Times New Roman font, and contains 280 words as determined by the word-count function of Microsoft Word.

/s/ Kenneth A. Caruso
KENNETH A. CARUSO

## CERTIFICATE OF SERVICE

I certify that the foregoing motion was served on all parties through the Court's CM/ECF system.

                                                /s/ Kenneth A. Caruso
                                                KENNETH A. CARUSO