IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

Ruby Freeman and Wandrea' Moss,

    *Plaintiffs-Appellees*,

v.

Rudolph W. Giuliani,

    *Defendant-Appellant*.

No. 24-7021

**MOTION FOR EXTENSION OF TIME TO FILE
REPLY BRIEF, DEFERRED APPENDIX, AND FINAL BRIEFS**

Pursuant to Federal Rules of Appellate Procedure 26 and 27, and Circuit Rule 28(e), Defendant-Appellant, Rudolph W. Giuliani ("Appellant"), respectfully moves for an extension of time to file his reply brief, deferred appendix, and final briefs. Plaintiffs-Appellees ("Appellees") have not consented to this request. We understand that they will oppose this request.

Specifically, Appellant requests that the deadline to file his reply brief and deferred appendix be extended to **March 20, 2025**, and the deadline for final briefs be extended to **March 20, 2025**. **In the alternative, Appellant requests that the deadline be fixed as follows**: If and when Plaintiffs-Respondents inform the Court that the executed settlement agreement between the parties has not been performed, then Appellant's Reply brief and appendix would be due three weeks

1

thereafter. That schedule would preserve the status quo ante: Before the settlement agreement, Appellant had three weeks left to file a reply brief, pursuant to an earlier, Court-ordered schedule.

\* \* \*

As set forth below, this request is based on the parties' executed settlement agreement and the need for additional time to allow its terms to be implemented. This extension ensures that, if the settlement fails, Appellant has sufficient time to prepare his reply brief, while also avoiding the unnecessary waste of resources at this stage.

Good cause exists for the requested extension. As the undersigned counsel previously informed this Court: On January 16, 2024, in the related judgment-enforcement proceedings pending in the United States District Court for the Southern District of New York ("SDNY Proceedings"), before the Hon. Lewis J. Liman, U.S.D.J., the parties informed Judge Liman that:

> Plaintiffs and Defendant have executed a settlement agreement [] that, once certain conditions are met, would fully resolve all issues currently scheduled for trial . . . and would result in the conclusion of all litigation currently pending between and among the Parties.
>
> *See Freeman et al. v. Giuliani,* No. 24-mc-353 (S.D.N.Y.), ECF 242

(emphasis added).

Based on these developments, Appellant moved, on January 21, 2025, for an extension of time to allow the settlement terms to take effect. Appellees consented

to that motion, which this Court granted, thereby extending the deadline to file a reply brief and deferred appendix on February 27, 2025, and final briefs on February 28, 2025.

Now, additional time is necessary because, as the undersigned counsel understand it, the implementation of the settlement agreement remain pending, and will remain pending for a period of weeks. It would be inefficient and wasteful for counsel to continue preparing the reply brief while the settlement's implementation remains in progress. At the same time, Appellant seeks to avoid prejudice by preserving the pre-settlement status quo, under which Appellant had three weeks remaining to draft his Reply brief. Accordingly, Appellant respectfully requests this extension to allow the settlement to proceed, while preserving sufficient time to file a reply brief, if necessary.

Appellees have not consented to the requested extensions. If granted, the revised schedule would be as follows:

    Appellant's Reply Brief:    March 20, 2025

    Deferred Appendix:    March 20, 2025

    Final Briefs:    March 24, 2025

In the alternative, Appellant requests that the Court enter a scheduling order as follows: If and when Plaintiffs-Respondents inform the Court that the executed

settlement agreement between the parties has not been performed, then Appellant's Reply brief and appendix would be due three weeks thereafter.

This request for an extension is respectfully made without prejudice to further requests to modify the schedule here, based on further developments.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant this motion for an extension of time.

Dated: February 12, 2025
      New York, New York

KENNETH CARUSO LAW LLC

By: /s/ Kenneth A. Caruso
Kenneth A. Caruso
15 W. 72nd Street
New York, NY 10023
(646) 599-4970
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.

By: /s/ David Labkowski
David Labkowski
1200 Brickell Avenue, Suite 1402
Miami, FL 33131
(786) 461-1340
david@labkowskilaw.com

*Attorneys for Defendant-Appellant,
Rudolph W. Giuliani*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the typeface and style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), and the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because the motion was prepared in double-spaced, 14-point Times New Roman font, and contains 596 words as determined by the word-count function of Microsoft Word.

/s/ Kenneth A. Caruso
KENNETH A. CARUSO

## CERTIFICATE OF SERVICE

I certify that the foregoing motion was served on all parties through the Court's CM/ECF system.

/s/ Kenneth A. Caruso
KENNETH A. CARUSO
