IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

Ruby Freeman and Wandrea' Moss,

*Plaintiffs-Appellees*,

v.

Rudolph W. Giuliani,

*Defendant-Appellant*.

No. 24-7021

**OPPOSITION TO APPELLANT'S MOTION
FOR EXTENSION OF TIME TO FILE
REPLY BRIEF, DEFERRED APPENDIX, AND FINAL BRIEFS**

Defendant-Appellant Rudolph W. Giuliani ("Appellant") has moved this Court for an extension of time to file his reply brief, and corresponding extensions of the time to file the deferred appendix and final briefs. Plaintiffs-Appellees ("Appellees") oppose the motion ("Motion") because Appellant has not demonstrated any good cause—or any changed circumstances whatsoever—since Appellant's last extension request, when he was aware of all of the circumstances giving rise to the present motion. As the parties agreed at the time, an extension of deadlines until a date on or after February 25, 2025 was—and is—sufficient to allow time for their settlement agreement to be consummated. Consistent with that mutual agreement, the parties sought and received extensions, including an

1

extension of time for Appellant's reply brief to February 27, 2025, and an adjournment of the trial date in the Southern District of New York, the District Court set a March 3, 2025. To be clear, Appellees continue to expect that each of those deadlines will be moot once the settlement is consummated, but in unlikely event that the settlement agreement is *not* consummated and this appeal proceeds, adhering to those deadlines will be important to the expeditious resolution of these matters, and Appellant has not demonstrated good cause for any other result, Moreover, granting Appellant's extension request would undermine the Court's expedited treatment of this appeal, consistent with the parties *joint* request for expedited consideration and decision, a request that this Court granted on August 12, 2024. Granting Appellant's extension request would only delay argument and disposition of this expedited appeal. The motion should be denied.

## BACKGROUND

Appellant filed his opening brief on October 2, 2024. Appellees filed their response brief on December 16, 2024 after obtaining an extension with Appellant's consent, premised on an agreement that Appellant could seek a further extension of his time to file his reply brief "of up to two weeks." Consent Motion for Extension of Time at 1, No. 24-7021 (D.C. Cir. Nov. 18, 2024). Appellant then sought, and obtained such an extension, to and including February 4, 2025. Clerk's Order, No. 24-7021 (D.C. Cir. Jan. 10, 2025).

The parties subsequently reached a settlement agreement on January 16, 2025, which—once fully implemented—will resolve both judgment enforcement litigation in the Southern District of New York, *Freeman et al. v. Giuliani,* No. 24-mc-353 (S.D.N.Y.) (Liman, J.), and this appeal, among other matters.[1] In the filing notifying the District Court for the Southern District of New York of that settlement agreement, cited by Appellant here, the parties notified the trial court that they sought to adjourn all dates beyond February 25, 2025 "to permit the Parties to fully implement the Agreement." *Id.* ECF 242. The Court accordingly adjourned the January 16, 2025 trial date to March 3, 2025. *See* Memo Endorsement, *Freeman v. Giuliani*, No. 24-mc-353 (S.D.N.Y. Jan. 16, 2025). On January 21, 2025, with Appellees' consent, Appellant sought and received a further extension of the deadline to file his reply brief in this Court to February 27, 2025, the current operative deadline.

## **ARGUMENT**

Appellant has not demonstrated good cause for a further extension of his deadline to file a reply brief. All of the circumstances cited by Appellant as good cause for his present extension request, Motion at 3, were known to Appellant at the time of his last extension request. While Appellees are not at liberty to discuss

---

[1] At the time the settlement agreement was executed, Appellant's deadline to file a reply brief in this Court was 19 days—not "three weeks"—away. Motion at 2. By the same token, however, Appellant had been in possession of Appellees' response brief for over 30 days at that point.

3

the details of settlement implementation, at the time of that extension request—as demonstrated by the parties' joint letter to the District Court for the Southern District of New York—the parties agreed that deferral of deadlines until a date "on or after February 25, 2025" was sufficient time for the parties to implement the settlement agreement, while remaining prepared to meet those extended deadlines should the settlement not be consummated by that date. Appellant sought a corresponding extension in this Court on the same understanding. In seeking a further extension, Appellant has cited no additional information or circumstances that would justify a departure from the existing schedule, which was granted upon a mutual understanding of the parties about the appropriate extensions in light of the schedule for implementing the settlement agreement. As things stand, Appellees also have a looming deadline should the settlement agreement not be fully implemented by the deadline to do so—the March 3 date for trial in the Southern District of New York (where Appellant is represented by different counsel than he is here). Appellees offered to consent to an extension of the reply brief deadline to March 3, to match the short turnaround that Appellants would have to prepare for trial if the settlement is not consummated, but Appellant has apparently declined that offer.

To be clear, Appellees fully expect that the settlement agreement will be fully implemented, rendering these deadlines moot. However, if Appellant's

4

motion were granted and the deadline extended to March 20, 2025, Appellant would end up with 94 days to prepare a reply to Appellees' response brief, which was filed on December 16, 2024—only 75 days after the filing of Appellant's opening brief on October 2, 2024. Appellant has not demonstrated anything close to good cause for such a disproportionate extension.

      Finally, good cause exists to deny Appellant's extension request for the additional reason that this case has been granted expedited treatment on the *joint* motion of the parties. Joint Motion to Expedite Briefing and Oral Argument, No. 24-7021 (D.C. Cir. Aug. 8, 2025). As the parties jointly explained to the Court in that motion, "[g]ood cause exists to expedite briefing and argument of this appeal because" the Bankruptcy Court imposed a one-year filing bar on future voluntary bankruptcy filings by Appellant—a bar that runs through August 2, 2025. *Id.* at 2. The Court granted that motion and directed that the case be calendared for argument "on the first appropriate date following the completion of briefing." Order at 2, No. 24-7021 (D.C. Cir. Aug. 12, 2024). In the unlikely event that the settlement agreement is not implemented, prompt consideration and decision of this appeal will be all the more urgent, and for the same reasons—reasons that Appellant agreed to at the outset of this appeal.

## CONCLUSION

For the foregoing reasons, the motion for extension of time should be denied, or in the alternative, granted such that Appellant's reply brief is due no later than March 3, 2025.

Dated: February 12, 2025
       New York, New York

By:  /s/ Rachel Goodman

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the typeface and style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), and the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because the motion was prepared in double-spaced, 14-point Times New Roman font, and contains 1,114 words as determined by the word-count function of Microsoft Word.

/s/ Rachel Goodman
RACHEL GOODMAN

## CERTIFICATE OF SERVICE

I certify that the foregoing motion was served on all parties through the Court's CM/ECF system.

/s/ Rachel Goodman
RACHEL GOODMAN
